UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**PERCY EDWARD STULL, Jr.**                                                          **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 5:15-CV-P52-GNS**

**UNITED STATES OF AMERICA et al.**                                   **RESPONDENTS**

## MEMORANDUM OPINION

On January 12, 2012, this Court entered a Judgment and Commitment Order sentencing Petitioner, Percy Edward Stull, Jr., to 120 months in prison and supervised release for life after Petitioner pleaded guilty pursuant to a plea agreement to multiple sex-offense charges. *See United States v. Stull*, 5:11-CR-5-TBR. Petitioner, *pro se*, initiated the instant action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1). In response to an Order of this Court, Petitioner resubmitted that petition on the appropriate form (DN 5).

On the petition form, Petitioner states that he is challenging the "conviction or sentence" of this Court in 5:11-CR-5-TBR. As relief, he asks this Court to reconsider sentencing disparities among inmates with similar offenses resulting in "SORN" registration. He additionally asks this Court to reduce his term of supervised release to a period of 10 years.[1] He states in the portion of the form asking him to explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective in this case that, under § 2255(f), a one-year limitation would apply, making Petitioner time-barred from addressing this Court on these grounds.

First, the Court notes that a § 2241 action must be brought in the district where the Petitioner is incarcerated. *United States v. Jenkins*, 4 F. App'x 241, 243 (6th Cir. 2001); *United*

---

[1] The Court notes that Petitioner also filed a motion for reduction of his supervised release pursuant to 18 U.S.C. § 3538(e) in his criminal case, which has been denied (*United States v. Stull*, 5:11-CR-5-TBR, DN 52) because in Petitioner's plea agreement he waived the right to contest or collaterally attack his conviction, the resulting sentence, and any claims of ineffective assistance of counsel.

*States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Petitioner is incarcerated in federal prison in Jesup, Georgia, which is located in the Southern District of Georgia.  *See* 28 U.S.C. § 90(c)(5).  Thus, the instant petition should have been brought in that court.  However, although the Court has the discretion to transfer this case to the district where it should have been brought, the Court declines to do so because Petitioner "plainly is not entitled to relief."  *Welch v. United States*, No. 14-1296-JDT-egb, 2015 WL 73588, at *4 (W.D. Tenn. Jan. 6, 2015); *see* 28 U.S.C. § 1406(a).

"Generally, a federal prisoner must use section 2255 to challenge his conviction or the imposition of his sentence."  *Hayes v. Holland*, 473 F. App'x 501, 501 (6th Cir. 2012) (per curiam).  Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause."  The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  In other words, as applied here, this § 2241 action is barred unless Petitioner can demonstrate that the relief available to him under § 2255 is inadequate or ineffective.  *See Swain v. Pressley*, 430 U.S. 372, 381 (1977).

A prisoner seeking to avail himself of the "savings clause" exception of § 2255 bears the burden of presenting a credible claim of actual innocence that is not cognizable in a successive § 2255 motion.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).  In order to establish actual innocence, Petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Id.* (internal quotation marks omitted).

The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *see also Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). Here, Petitioner's claim does not involve actual innocence but, instead, challenges the legality of a sentence without arguing that it exceeded the statutory maximum. This is not a claim that may be collaterally attacked under the guise of actual innocence. *See, e.g.*, *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).

Moreover, Petitioner's attempt to invoke the savings clause because the one-year statute of limitations would bar a § 2255 motion fails. The remedy under § 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under § 2255, or been denied permission to file a second or successive motion to vacate, or is procedurally barred from pursuing relief under § 2255, or has allowed the one-year statute of limitations to expire. *Spearman v. Wilson*, 469 F. App'x 435, 437 (6th Cir. 2012) (per curiam). Thus, § 2241 is not available to Petitioner. Accordingly, by separate Order, the Court will deny the Petitioner the relief he seeks and dismiss this action.

Date: November 20, 2015

                                                                **Greg N. Stivers, Judge**
                                                             **United States District Court**

cc:     Petitioner, *pro se*
        Respondents
        Jo E. Lawless, AUSA
4416.009